FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 1 0 2006

Judge Robert W. Gettleman
United States District Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   05 CR 194-17 |
| v. | ) | |
| | ) | Hon. Robert W. Gettleman |
| MILTON GARCIA | ) | |
| aka "Milk Dud" | ) | |

PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant, MILTON GARCIA, and his attorney, NATHAN DIAMOND-FALK, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 05 CR 194-17.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and defendant, MILTON GARCIA, and his attorney, NATHAN DIAMOND-FALK, have agreed upon the following:

1.     Defendant acknowledges that he has been charged in the second superseding indictment in this case with, in Count One, conspiracy to possess with intent to distribute and to

distribute mixtures containing cocaine, in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

2.  Defendant has read the charge against him contained in the second superseding indictment, and that charge has been fully explained to him by his attorney.

3.  Defendant fully understands the nature and elements of the crime with which he has been charged.

4.  Defendant will enter a voluntary plea of guilty to Count One of the second superseding indictment in this case.

5.  Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the second superseding indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

Beginning no later than in or about 2002, and continuing through at least 2004, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant did conspire and agree with SAUL TEJEDA and with others known and unknown, to knowingly and intentionally possess with intent to distribute and to distribute more than 500 grams of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance.

In particular, during this time frame, defendant bought powder cocaine from SAUL TEJEDA and re-sold it to others. Defendant was sometimes "fronted" cocaine by SAUL TEJEDA, meaning he did not pay for it at the time he bought it, but received it on credit. Defendant acknowledges that during the time period of the conspiracy, he bought and re-sold between approximately 500 grams and 2 kilograms of cocaine.

Defendant further admits that he routinely called to or from cellular telephones and land line telephones to facilitate drug transactions with SAUL TEJEDA during the course of the charged conspiracy. When speaking on the phone to TEJEDA about drug transactions, defendant and TEJEDA spoke in code so as to disguise the subject matter of their conversations. For example, when ordering cocaine from TEJEDA over the phone, defendant frequently used the terms "come through" or "play pool" as code words to signal that he wanted to purchase cocaine from TEJEDA.

Defendant further admits that he was a member of the Latin Homeboy street gang, along with co-defendants SAUL TEJEDA, ANDY LOPEZ, HERIVERTO RIOS, MARCO ROMERO, LARRY BOWLES, JOSE MELERO, and RODOLFO MADRIGAL, among others. After the Latin Homeboys disbanded, several members became members of the Latin King street gang, including but not limited to SAUL TEJEDA, JOSE MELERO, and RODOLFO MADRIGAL. Defendant JOSE MELERO, along with other Latin Kings, pressured GARCIA to become a Latin King, but GARCIA refused.

Defendant also admits that these facts are not a complete statement of defendant's knowledge of and involvement in the charged offense or other matters. These facts are set forth solely as a factual basis for defendant's plea of guilty to the charged offense.

6.    The parties agree that the following information has been provided to the government by the defendant pursuant to a proffer agreement and is covered by Guideline Section 1B1.8. Therefore, the information may not be used in determining the applicable Guideline range, except as specified in Section 1B1.8(b). Specifically, defendant admits that he accompanied co-defendant JOSE MELERO and another individual to do a home invasion in an effort to steal drugs sometime around 2003 or 2004. Defendant MELERO drove the three to the robbery and carried a gun.

3

Defendant's role was to watch the back door of the home, while defendant MELERO and the other individual entered the home. Defendant has been with MELERO on at least one other occasion when MELERO shot at individuals.

7.   For purposes of calculating the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree on the following points:

(a) This Plea Agreement is governed by the November 2005 edition of the Guidelines Manual;

(b) The amount of cocaine involved in the offense of conviction for which defendant is accountable is more than 500 grams but less than 2 kilograms. Thus, pursuant to Guideline 2D1.1(a)(3) and 2D1.1(c)(7), the base offense level is 26;

(c) It is the government's position that defendant possessed a firearm in furtherance of the charged conspiracy. Thus, pursuant to Guideline § 2D1.1(b)(2), the base offense level is increased 2 levels. Defendant disagrees;

(d) Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions, within the meaning of Guideline 3E1.l, a 2-level reduction in the offense level is appropriate;

(e) Defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, within the meaning of Guideline 3E1.1(b). Accordingly, at the time of defendant's sentencing hearing, the government will move for an additional 1-level reduction in

4

the offense level, provided the Court determines the offense level to be 16 or greater prior to the operation of Guideline 3E1.1(a);

(f) Based on the information known to the government at the time of this agreement, defendant's criminal history consists of the following convictions:

(i) A November 10, 1998 conviction in the Circuit Court of Kane County, Illinois, for possession of cannabis (98 CM 5508), for which defendant received a sentence of 12 months supervision. Pursuant to Guideline § 4A1.1(c), 1 criminal history point is assessed for this sentence.

(ii) A February 16, 2000, conviction in the Circuit Court of Kane County, Illinois, for reckless driving (99 TR 054553), for which defendant received a sentence of 12 months of court supervision. Pursuant to Guideline § 4A1.1(c), 1 criminal history point is assessed for this sentence.

(iii) A February 16, 2000, conviction in the Circuit Court of Kane County, Illinois, for driving on a suspended license (99 TR 054554), for which defendant received a sentence of 12 months of court supervision. On July 26, 2001, defendant was convicted of violating his supervision, and sentenced to 11 months and 40 days in the Kane County Department of Corrections. Pursuant to Guideline §§ 4A1.1(c) and 4A1.2(e)(2), 2 criminal history points are assessed for this sentence.

(iv) A January 15, 2002, conviction in the Circuit Court of Kane County, Illinois, for driving on a suspended license (01 TR 065752), for which defendant received a sentence of 32 days Kane County Department of Corrections. Pursuant to Guideline § 4A1.1(c), 1 criminal history point is assessed for this sentence.

(v) A March 17, 2003 conviction in the Circuit Court of Kane County, Illinois, for burglary (02 CF 1814), for which defendant received a sentence of 180 days in the Kane County Department of Corrections and 30 months probation. Pursuant to Guideline § 4A1.1(b), 2 criminal history points are assessed for this sentence.

(vi) A March 17, 2003 conviction in the Circuit Court of Kane County, Illinois, for retail theft (02 CF 1084), for which defendant received a sentence of 180 days in the Kane County Department of Corrections and 30 months probation. Pursuant to Guideline § 4A1.1(b), 2 criminal history points are assessed for this sentence.

(vii) An April 29, 2003, conviction in the Circuit Court of Kane County, Illinois, for driving on a suspended license (02 TR 32331), for which defendant received a sentence of one year of court supervision. Pursuant to Guideline § 4A1.1(c), 1 criminal history point is assessed for this sentence.

(viii) Defendant committed the instant offense while under a criminal justice sentence, namely, probation for the convictions set forth in paragraphs 7(e)(v) and (vi). Pursuant to Guideline § 4A1.1(d), 2 criminal history points are assessed. Defendant also committed the instant offense less than two years from imprisonment on these same sentences. Therefore, pursuant to Guideline § 4A1.1(e), 1 additional criminal history point is assessed.

(g) Based on the facts known to the government and stipulated in subparagraphs (f)(i) - (viii) above, defendant's criminal history points equal 13 and defendant's criminal history category is VI;

(h) Therefore, based on the facts now known to the government, it is the government's position that the offense level is 25, which combined with an anticipated criminal

6

history category of VI, would result in an anticipated sentencing range of 110-137 months imprisonment. It is the defendant's position that the offense level is 23, which combined with an anticipated criminal history category of VI, would result in an anticipated sentencing range of 92-115 months imprisonment.

(i) Defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. Defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

8.     Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea on the basis of such corrections.

9.     Defendant understands that, in imposing the sentence, the Court will be guided by the United States Sentencing Guidelines. The defendant understands that the Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10.     Defendant understands the count to which he will plead guilty carries a mandatory minimum penalty of five years imprisonment, a maximum penalty of forty years imprisonment, a

7

maximum fine of $2,000,000, and a term of supervised release of at least 4 years and up to life, which the Court may specify.

11.     Defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed. Defendant understands that the government will request the Court to order defendant to pay the special assessment of $100 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

12.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing

all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt and that it was to consider each count of the second superseding indictment separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

13. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial.

14. The defendant is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statutes of conviction

9

(or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement.

15. At the time of sentencing, the government shall be free to recommend a sentence at any point within the guidelines range it deems applicable.

16. Defendant understands that the second superseding indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

17. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

18. Defendant has provided information to the government relating to additional matters as to which the government may, in its discretion, undertake further investigation. At the time of this plea agreement, the information provided by defendant relating to this additional matter does not amount to "substantial assistance" within the meaning of U.S.S.G. §5K1.1, and the parties do not anticipate that this will change prior to defendant's sentencing. If, as a result of further investigation by the government, or further assistance provided by or on behalf of defendant, the government, in its sole discretion, determines subsequent to sentencing that defendant has provided substantial assistance with respect to this additional matter, the government, at its sole discretion and in accordance with Rule 35(b) of the Federal Rules of Criminal Procedure, may move the Court to reduce the defendant's sentence. Defendant acknowledges that if the government, in the exercise of its discretion, does not move the Court pursuant to Rule 35(b) as described above, or if the Court denies any such motion filed by the government, he will have no right to withdraw his guilty plea.

10

19.    Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. He further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or to resentence defendant. Defendant understands and agrees that in the event that this Plea Agreement is breached by defendant, and the Government elects to void the Plea Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecutions.

20.    The superseding indictment charges that defendant is liable to the United States for approximately $4,420,000, which funds are subject to forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2) because they represent property constituting, or derived from any proceeds obtained, directly or indirectly, as a result of the violations alleged in Count One. Further, defendant has subjected personal property to forfeiture because that property was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations.

21.    By entry of a guilty plea to Count One of the second superseding indictment, the defendant understands that any property representing proceeds of drug trafficking and property used or intended to be used to facilitate drug trafficking is subject to forfeiture.

22.    Defendant agrees to the entry of a forfeiture judgment in the amount of $4,420,000, in that this property is subject to forfeiture because it represents property constituting, or derived

11

from any proceeds obtained, directly or indirectly, as a result of the violations alleged in Count One, or is property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations.

23.     Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right, title or ownership interest he has in the above property. He further agrees to the seizure of this property or assist in its repatriation so that it may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest or claim to the property subject to forfeiture and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third party in the event a third party files a claim.

24.     Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the forfeiture judgment.

25.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

26.     Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

12

27.    Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney.  Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: *March 10 , 2006*

_____
PATRICK J. FITZGERALD
United States Attorney

_____
RACHEL M. CANNON
Assistant United States Attorney

_____
MILTON GARCIA
Defendant

_____
NATHAN DIAMOND-FALK
Attorney for Defendant

13